FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| VERIZON SERVICES CORP., VERIZON COMMUNICATIONS INC., MCI COMMUNICATIONS CORPORATION, and VERIZON BUSINESS GLOBAL LLC, <br><br> Plaintiffs, <br><br> v. <br><br> COX FIBERNET VIRGINIA, INC., COX VIRGINIA TELECOM, INC., COX COMMUNICATIONS HAMPTON ROADS, LLC, COXCOM, INC., and COX COMMUNICATIONS, INC., <br><br> Defendants. | 2008 JAN 11 P 1:33 <br><br> CIV. ACTION NO. 2:08cv20-JBF-TEM <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR PATENT INFRINGEMENT**

Plaintiffs, Verizon Services Corp. ("Verizon Services"), Verizon Communications Inc. ("Verizon"), MCI Communications Corporation ("MCI"), and Verizon Business Global LLC ("Verizon Business") (collectively, "Verizon Companies"), complain of Defendants, Cox Fibernet Virginia, Inc. ("Cox Fibernet Virginia"), Cox Virginia Telecom, Inc. ("Cox Virginia"), Cox Communications Hampton Roads, LLC ("Cox Hampton Roads"), CoxCom, Inc. ("CoxCom"), and Cox Communications, Inc. ("Cox") (collectively, "Cox Companies"), as follows, and demand a jury trial of all issues.

**INTRODUCTION**

1.  The Verizon Companies' patents involved in this case concern the provision of telephone services over a data communications network. Defendants Cox Companies have appropriated Verizon Companies' patented technologies, without Plaintiffs' permission and

without compensating Plaintiffs. The Verizon Companies bring this patent infringement action to prevent and restrain the Cox Companies from appropriating the Verizon Companies' patented technologies and to secure damages to compensate Plaintiffs for their losses.

## THE PARTIES

2.     Plaintiff Verizon Services, a wholly owned subsidiary of Verizon, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1310 North Courthouse Road, Arlington, Virginia. Verizon Services holds undivided joint ownership interests in the eight patents at issue in this lawsuit.

3.     Plaintiff Verizon is a Delaware corporation. Its principal executive office is located at 140 West Street, New York, New York. Pursuant to certain assignments, Verizon holds undivided joint ownership interests in the eight patents at issue in this lawsuit.

4.     Plaintiff MCI, a wholly owned subsidiary of Verizon Business, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia. Pursuant to certain assignments, MCI holds an undivided joint ownership interest in two of the patents at issue in this lawsuit.

5.     Plaintiff Verizon Business, a wholly owned subsidiary of Verizon, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Verizon Way, Basking Ridge, New Jersey. Pursuant to certain assignments, Verizon Business holds an undivided joint ownership interest in one of the patents at issue in this lawsuit.

6. Defendant Cox Fibernet Virginia is a Delaware corporation with its principal executive office at 4585 Village Avenue, Norfolk, Virginia. On information and belief, Cox Fibernet Virginia provides fiber optic networks which are used to provide telephone services to customers in Virginia.

7. Defendant Cox Virginia is a Virginia corporation with its principal executive office at 4585 Village Avenue, Norfolk, Virginia. On information and belief, Cox Virginia provides telephone services to customers in Virginia.

8. Defendant Cox Hampton Roads is a Delaware corporation with its principal executive office at 1341 Crossways Boulevard, Suite 1168, Chesapeake, Virginia. On information and belief, Cox Hampton Roads provides telephone services to customers in the Hampton Roads area of Virginia.

9. Defendant CoxCom is a Delaware corporation with its principal executive office at 5159 Federal Boulevard, San Diego, California. On information and belief, CoxCom owns and operates, among other business assets, those assets doing business as Cox Communications Northern Virginia and Cox Communications Roanoke, both of which provide telephone services to customers in Virginia.

10. Defendant Cox is a Delaware corporation with its principal executive office located at 1400 Lake Hearn Drive, Atlanta, Georgia. On information and belief, Cox is a privately held company that controls and directs its operating companies, including CoxCom, Cox Hampton Roads, Cox Fibernet Virginia, and Cox Virginia, engaged in, among other things, the provision of telephone services. On information and belief, Cox acts as the sole manager of its direct and indirect subsidiaries, including its operating companies.

11. The Cox Companies operate on a nationwide basis, but the majority of their customers are located in the following twelve divisions, which have approximately 425,000 customers each: Northern Virginia, Hampton Roads, New England, Orange County, Kansas, New Orleans, Arizona, Las Vegas, San Diego, Middle America Cox, Oklahoma, and West Texas. The Cox Companies provide telephone services in direct competition against companies owned by Verizon in these divisions and in other U.S. markets.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and § 1338(a).

13. This Court has personal jurisdiction over the Cox Companies. Through CoxCom, Cox maintains a division known as "Cox Communications Northern Virginia." This division is based in Herndon, Virginia. Cox has created a website to advertise and support this division, at http://www.cox.com/fairfax/, which promotes the Cox Companies' products in this District, including its infringing telephone services. Cox also wholly owns a subsidiary – Defendant "Cox Hampton Roads," which is located in this District – and has created a website to advertise and support Cox Hampton Roads, at http://www.cox.com/hr/. This website also promotes the Cox Companies' products in this District, including the infringing telephone services. Furthermore, through its subsidiaries, Cox maintains "Retail & Payment Centers" in this District, including at 3080 Centreville Road, Herndon, Virginia, and at 5958 Kingstowne Town Center, Alexandria, Virginia. The "Retail & Payment Centers" provide demonstrations of Defendants' infringing telephone services, ordering, billing, service scheduling, and equipment to customers.

Cox Fibernet Virginia, which is located in this District, is responsible for the fiber network used to provide telephone services in competition with companies owned by Verizon. These services are sold by Cox Virginia, which is also located in this District. Defendants have harmed Plaintiffs by making, using, selling, offering for sale, and/or importing services and products that infringe Verizon Companies' patents in this District. Specifically, the Cox Companies provide infringing telephone services in Fairfax County, Spotsylvania County, Stafford County, Fredericksburg, Fairfax, Falls Church, Clifton, Herndon, Vienna, and Hampton Roads.

14. Venue is proper in this District under 28 U.S.C. § 1391(c) and § 1400. The Cox Companies are infringing the patents in this District. Verizon Services, which formerly was known as Bell Atlantic Network Services, Inc., and which was the original owner of five of the eight patents at issue in this action, has its principal place of business at 1310 North Courthouse Road, Arlington, Virginia. MCI, the original owner of two other patents in suit, has its principal place of business in Ashburn, Virginia. Many of the named inventors on the patents at issue in this action, including Eric A. Voit, Jayant G. Gadre, Edward E. Balkovich, and David E. Young, reside in or near this District. Indeed, on information and belief, Eric Voit, a former Verizon employee (and the sole inventor on two patents and a co-inventor on two other patents at issue), works in Herndon, Virginia, and resides in Maryland. A large number of relevant third party witnesses, including former employees of MCI, with information relevant to the development of the technologies at issue, reside in or near this District.

15. Pursuant to Local Rule 3(c), venue is also proper in the Alexandria Division, for the reasons set forth above.

## COUNT I – Infringement of U.S. Patent No. 6,970,930

16.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

17.     On November 29, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,970,930 ("the '930 patent"), titled "Method and system of providing differentiated services," to MCI, Inc., which was merged with and into Eli Acquisition, LLC (which changed its name to MCI, LLC and then later changed its name to Verizon Business). Subsequently, Verizon and Verizon Services duly and legally obtained by assignment an undivided joint ownership interest with Verizon Business. The patented invention is directed to a method for combining Internet protocols in order to ensure "Quality of Service" for a communication session. A true and correct copy of this patent is attached as Exhibit A hereto.

18.     Defendants appropriated the invention by making and using the patented method in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

   a.     making or causing to be made telephony systems, devices, and/or services that practice the patented method as part of their normal and intended operation; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

   b.     contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for

substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method by knowingly selling such telephony systems, devices, and/or services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. acting in concert with others to infringe or cause joint or divided infringement of the patent.

19. Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

20. Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

## COUNT II – Infringement of U.S. Patent No. 6,104,711

21. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

22. On August 15, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,104,711 ("the '711 patent"), titled "Enhanced internet domain name server," to Verizon Services (previously known as Bell Atlantic Network Services, Inc.). Verizon Services subsequently granted an undivided joint ownership interest in that patent to Verizon. The patented invention is directed to a device and a method for providing certain telephone services using a data network, such as one using Internet protocols. A true and correct copy of this patent is attached as Exhibit B hereto.

23. Defendants appropriated the invention by making and using the patented invention in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

a. making or causing to be made telephony systems, devices, and/or services that practice the patented method as part of their normal and intended operation and/or embody the patented devices; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

b. contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method and device by knowingly selling such telephony systems, devices, and/or services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. acting in concert with others to infringe or cause joint or divided infringement of the patent.

24. Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

25. Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

### COUNT III – Infringement of U.S. Patent No. 6,430,275

26. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

27. On August 6, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,430,275 ("the '275 patent"), titled "Enhanced signaling for terminating resource," to Verizon Services (previously known as Bell Atlantic Network Services, Inc.). Verizon Services subsequently granted an undivided joint ownership interest in that patent to Verizon. The patented invention is directed to a method for telephone communications. A true and correct copy of this patent is attached as Exhibit C hereto.

28. Defendants appropriated the invention by making and using the patented method in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

    a. making or causing to be made telephony systems, devices and/or services that practice the patented method as part of their normal and intended operation; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

b.   contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c.   actively inducing infringement of the patented method and device by knowingly selling such telephony systems, devices, and/or services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d.   acting in concert with others to infringe or cause joint or divided infringement of the patent.

29.   Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

30.   Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

**COUNT IV – Infringement of U.S. Patent No. 6,137,869**

31.   Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

32.   On October 24, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,137,869 ("the '869 patent"), titled "Network session management," to Verizon Services (previously known as Bell Atlantic Network Services, Inc.). Verizon Services subsequently granted an undivided joint ownership interest in that patent to Verizon.

The patented invention is directed to a method and a system for telephone communications. A true and correct copy of this patent is attached as Exhibit D hereto.

33. Defendants appropriated the invention by making and using the patented invention in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

    a. making or causing to be made telephony systems, devices, and/or services that practice the patented method as part of their normal and intended operation and/or embody the patented system; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

    b. contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

    c. actively inducing infringement of the patented method and device by knowingly selling such telephony systems, devices, and/or services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

    d.    acting in concert with others to infringe or cause joint or divided infringement of the patent.

34. Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

35. Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

## COUNT V – Infringement of U.S. Patent No. 6,282,574

36. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

37. On August 28, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,282,574 ("the '574 patent"), titled "Method, server and telecommunications system for name translation on a conditional basis and/or to a telephone number," to Verizon Services (previously known as Bell Atlantic Network Services, Inc.). Verizon Services subsequently granted an undivided joint ownership interest in that patent to Verizon. The patented invention is directed to a device, method, and system for use in telephone communications. A true and correct copy of this patent is attached as Exhibit E hereto.

38. Defendants appropriated the invention by making and using the patented device, method, and system in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

a. making or causing to be made telephony systems, devices, and/or services that embody the patented device; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

b. contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method and device by knowingly selling such telephony systems, devices, and services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. acting in concert with others to infringe or cause joint or divided infringement of the patent.

39. Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

40. Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

## COUNT VI – Infringement of U.S. Patent No. 6,335,927

41. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

42. On January 1, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,335,927 ("the '927 patent"), titled "System and method for providing requested quality of service in a hybrid network," to MCI. Subsequently, Verizon and Verizon Services duly and legally obtained by assignment an undivided joint ownership interest in the '927 patent with MCI. The patented invention is directed to a method and system for tracking resources on packet and circuit switched networks. A true and correct copy of this patent is attached as Exhibit F hereto.

43. Defendants appropriated the invention by making and using the patented invention in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

   a. making or causing to be made telephony systems, devices, and/or services that practice the patented method as part of their normal and intended operation and/or embody the patented system; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

   b. contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for

        substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c.     actively inducing infringement of the patented method and device by knowingly selling such telephony systems, devices, and/or services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d.     acting in concert with others to infringe or cause joint or divided infringement of the patent.

44.     Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

45.     Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

### COUNT VII – Infringement of U.S. Patent No. 6,292,481

46.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

47.     On September 18, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,292,481 ("the '481 patent"), titled "Inter-carrier signaling and usage accounting architecture for internet telephony," to Verizon Services (previously known as Bell Atlantic Network Services, Inc.). Verizon Services subsequently granted an undivided joint ownership interest in that patent to Verizon. The patented invention is directed to a system for telephone communications that allows for controlled connectivity between a packet switched and a circuit switched network. A true and correct copy of this patent is attached as Exhibit G hereto.

48.   Defendants appropriated the invention by making and using the patented system in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

a. making or causing to be made telephony systems, devices, and/or services that embody the patented system; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

b. contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method and device by knowingly selling such telephony systems, devices, and/or services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. acting in concert with others to infringe or cause joint or divided infringement of the patent.

49.   Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

50. Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

### COUNT VIII – Infringement of U.S. Patent No. 6,636,597

51. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-15.

52. On October 21, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,636,597 ("the '597 patent"), titled "Method of and system for providing services in a communications network," to MCI. Subsequently, Verizon and Verizon Services duly and legally obtained by assignment an undivided joint ownership interest in the '597 patent with MCI. The patented invention is directed to a system and a method for telephone communications that allows for management of resources on the network. A true and correct copy of this patent is attached as Exhibit H hereto.

53. Defendants appropriated the invention by making and using the patented invention in this and other Districts in competition against companies owned by Verizon and without the permission of, or making any compensation to, Plaintiffs. Defendants have been and still are infringing the foregoing patent by doing the following things, among others:

   a. making or causing to be made telephony systems, devices, and/or services that practice the patented method as part of their normal and intended operation and/or embody the patented system; using such systems, devices, and/or services; and offering to sell and selling such systems, devices, and/or services in the United States, including, without limitation, in this District, in violation of 35 U.S.C. § 271(a);

b. contributing to infringement of the patent by selling such telephony systems, devices, and/or services, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

c. actively inducing infringement of the patented method and device by knowingly selling such telephony systems, devices, and/or services, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

d. acting in concert with others to infringe or cause joint or divided infringement of the patent.

54. Upon information and belief, Defendants' continued infringement after learning of the patent is willful.

55. Defendants' infringement has injured and damaged Plaintiffs, and continues to do so. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment ordering as follows:

(a) adjudicating and declaring that Defendants have infringed the foregoing patents;

(b) enjoining further infringement of the foregoing patents by unauthorized use of the inventions patented therein, by Defendants and their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them;

(c) that Defendants account and pay actual damages including lost profits, but no less than a reasonable royalty, to Plaintiffs for Defendants' infringement of the foregoing patents;

(d) that Defendants pay treble damages to Plaintiffs as provided by 35 U.S.C. § 284;

(e) that Defendants pay Plaintiffs' costs, expenses, and prejudgment interest as provided for by 35 U.S.C. § 284;

(f) adjudicating and declaring that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiffs should be awarded reasonable attorneys fees; and

(g) granting Plaintiffs such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues so triable.

Dated: January 11, 2008

Respectfully submitted,

*[signature]*

John Christopher Rozendaal (VSB No. 41857)

Mark C. Hansen
Wan J. Kim
Courtney S. Elwood
Michael E. Joffre
KELLOGG, HUBER, HANSEN,
 TODD EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

John Thorne (Virginia Corporate Counsel)
Robert H. Griffen (Virginia Corporate Counsel)
Leonard C. Suchyta
Verizon Services Corp.
1515 N. Courthouse Road
Arlington, VA 22201
Tel: (703) 351-3900

*Counsel for Plaintiffs*
*Verizon Services Corporation, Verizon Communications Inc., MCI Communications Corporation and Verizon Business Global LLC*